UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                        Criminal No. 18-CR-20283-01

vs.                                                 HON. BERNARD A. FRIEDMAN

LACOURIS PACELY,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR IMMEDIATE RELEASE PURSUANT TO THE CARES ACT**

This matter is presently before the Court on defendant's motion for "immediate release to home confinement pursuant to the CARES Act" [docket entry 24]. The government has filed a response in opposition. Defendant has not replied, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

The Court has no jurisdiction to grant defendant any relief under the CARES Act. "Instead, courts in this district have recognized that under the CARES Act the authority to transfer a prisoner to home confinement remains squarely allocated to the BOP." *United States v. Mitchell*, No. 4:13-CR-20468, 2020 WL 3972656, at *5 (E.D. Mich. July 14, 2020). Therefore, the instant motion is denied to the extent defendant relies on the CARES Act. For relief under that statute, he must apply to the BOP.

Defendant also cites the compassionate release statute, 18 U.S.C. §

3582(c)(1)(A).[1] To the extent defendant seeks relief under this statute, his motion is denied without prejudice because he has not exhausted his administrative remedies, as he indicates on page 11 of his motion. Although he may have subsequently exhausted those remedies, *see* docket entry 25, the law in this circuit is that a defendant seeking compassionate release must exhaust his administrative remedies before seeking such relief in court. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). If, as in the present case, defendant files a motion for compassionate release before exhausting his administrative remedies, the Court must "dismiss it without prejudice." *Id.* at 836. Accordingly,

IT IS ORDERED that defendant's motion for immediate release to home

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
> . . .

confinement is denied for lack of jurisdiction insofar as it is based on the CARES Act and denied without prejudice insofar as it seeks compassionate release under § 3582(c)(1)(A)(I).

s/Bernard A. Friedman
Bernard A. Friedman
Dated: August 3, 2020  Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 3, 2020.

Lacouris Pacely, 56514-039          s/Johnetta M. Curry-Williams
Loretto Federal Correctional Institution   Case Manager
Inmate Mail/Parcels
P.O. BOX 1000
LORETTO, PA 15940